# EXHIBIT 6

Case# 2017-06786-20 Docketed at Montgomery County Prothonotary on 07/13/2017 9:41 AM, Fee = $0.00

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

| | |
|---|---|
| ROCKVILLE AMBULATORY SURGERY, LP, et al.,<br>Plaintiffs,<br>v.<br>AETNA, INC.,<br>Defendant | DOCKET NO.: 2017-06786<br>CIVIL ACTION - LAW/EQUITY |

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT'S REPLY BRIEF**

Plaintiffs respectfully submit this sur-reply in response to Defendant's Reply Brief.

1. Aetna repeatedly asserts that "Plaintiffs concede that they have been paid an appropriate amount in the aggregate." Reply 1, 4, 12. Not true, and Aetna cites no pages in Plaintiffs' opposition for this imagined concession. Rather, Plaintiffs in their Complaint (e.g., ¶¶ 14-21) and in their opposition brief (e.g., Opp. 3-4) dispute that they were overpaid. *See id.* at 4 n.3 ("Aetna falsely claims that Plaintiffs 'do not contend that they have been paid less than the reasonable value for their services as they are required to under Pennsylvania law.' Def's Br. 9. To the contrary, Plaintiffs dispute that they have been paid what Aetna's plans and Pennsylvania law requires."). Aetna cannot make this false "concession" true through repetition, especially on preliminary objections where Plaintiffs' averments are admitted as true.

2. Aetna argues that "issued" necessarily means the "delivery" of money, and Plaintiffs "have not plausibly alleged that Aetna 'issued' fund to them" to support an unjust enrichment claim. Reply 2-3. But ***it was Aetna*** that said funds were "issued" to Plaintiffs in their PEOBs. Plaintiffs have therefore plausibly alleged what Aetna itself—in writing—said happened.

3. These two false assertions—that Plaintiffs "concede" they were overpaid, and Aetna never "issued" payment—are the pillars for Aetna's arguments against Plaintiffs' claims of unjust enrichment (Reply 2-4), breach of implied contract (Reply 6-7), conversion (Reply 8), money had and received (Reply 10), and standing (Reply 12). Because those assertions are both demonstrably false and incompatible with the premise of Aetna's preliminary objections that Plaintiffs' averments are admitted, Aetna's arguments on these claims necessarily fail.

4. Aetna also argues that "setoff" does not apply to its seizure of money issued to Plaintiffs because the law of setoff only applies if Aetna were to bring a cause of action or counterclaim to recover the disputed overpayment (Reply 5-6). But Aetna should not be permitted to do via self-help what it could not accomplish in a civil action. This inequity alone renders Aetna's seizure and retention of money issued to Plaintiffs "unjust." Even if Aetna were entitled to take self-help, setoff requires a liquidated debt (*see* Opp. 9), a feature notably lacking in Aetna's unilateral, disputed, and unverified overpayment claims.

5. Aetna claims that "mini-trials" will be necessary to decide if Aetna's plans authorize the disputed seizures (Reply 11). This might be an argument against class certification, but this is not a class action. In any event, mini-trials will not be necessary. As has happened in *Peterson* and other cases, the parties through discovery and this Court through exemplars can decide whether the terms of Aetna's plans authorize the challenged seizures.

Date: July 12, 2017

Jason B. Martin, Esq.# 82767
The Martin Law Firm, P.C.
725 Skippack Pike #337
Blue Bell, PA 19422
(215) 398-7424

D. Brian Hufford, Esq.





Case# 2017-06786-20 Docketed at Montgomery County Prothonotary on 07/13/2017 9:41 AM, Fee = $0.00

(pro hac vice pending)
Zuckerman Spaeder LLP
399 Park Avenue, 14th floor
New York, NY 10022
(212) 704-9600
(212) 704-4256 (f)

William Meyer, Esq.
(pro hac vice pending)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore NY 21202
(410) 332-1240
(410) 659-0436 (f)

*Attorney for Plaintiffs*

Case# 2017-06786-20 Docketed at Montgomery County Prothonotary on 07/13/2017 9:41 AM, Fee = $0.00

**The Martin Law Firm, P.C.**
Jason B. Martin, Esquire
Attorney ID 82767
725 Skippack Pike, Suite 337
Blue Bell, PA 19422
215-646-3980
***Attorney for Plaintiffs***

MONTGOMERY COUNTY, PA
COURT OF COMMON PLEAS

ROCKVILLE AMBULATORY SURGERY, LP, et al.,

Plaintiffs, DOCKET NO. : 2017-06786

v. CIVIL ACTION – LAW/EQUITY

AETNA, INC.,

Defendant

**CERTIFICATE OF SERVICE**

I, Jason B. Martin, Esquire, hereby certify that a true and correct copy of Plaintiffs' Sur Reply In Response to Defendant's Reply Brief has been served via the Court's Electronic Filing System, email and U.S. mail, first class, postage prepaid at the following addresses:

Thomas Helbig, Esquire
Gregory S. Voshell, Esquire
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
**GSV@elliottgreenleaf.com**
**TBH@elliottgreenleaf.com**

Dated: July 13, 2017

Jason B. Martin, Esquire
Attorney ID: 82767
725 Skippack Pike, Suite 337
Blue Bell, PA 19422
(215) 646-3980
*Attorney for Plaintiffs*

Case# 2017-06786-21 Docketed at Montgomery County Prothonotary on 07/13/2017 9:48 AM, Fee = $0.00