# EXHIBIT 10

**To Plaintiff:**
**You are hereby notified to file a written response to the enclosed New Matter and Counterclaims within twenty (20) days of service hereof or a judgment may be entered against you.**

**BY:** */s/ Gregory S. Voshell*
**Attorney for Defendants**

**ELLIOTT GREENLEAF, P.C.**
**John M. Elliott, Esq.**
**Gregory S. Voshell, Esq.**
**Thomas B. Helbig, Jr., Esq.**
**I.D. Nos. 04414/208566/321470**
**925 Harvest Drive, Suite 300**
**Blue Bell, PA 19422**
**215-977-1000 (Phone)**
**215-977-1099 (Fax)**
**Attorneys for Defendant**

| | |
|---|---|
| **ROCKVILLE AMBULATORY SURGERY, LP, *et al.*,** | |
| **Plaintiffs,** | **DOCKET NO.: 2017-06786** |
| v. | **CIVIL ACTION – LAW/EQUITY** |
| **AETNA, INC.** | |
| **Defendant.** | |

**DEFENDANT'S ANSWER, NEW MATTER, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant Aetna, Inc. ("Aetna" or "Defendant"), by and through its undersigned counsel, respectfully submits this Answer, New Matter, and Counterclaim. Aetna avers as follows:

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

## INTRODUCTION[1]

1. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent any averment is deemed factual, the averment(s) are specifically denied.

2. Denied, including as a conclusion of law to which no response is required.

## PARTIES

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Denied. The averments of this paragraph are denied as conclusions of law to which no responsive pleading is required. To the extent deemed factual, the averments are specifically denied.

6. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

## GENERAL ALLEGATIONS

7. Admitted.

8. Admitted in part; denied in part. Defendant admits that Plaintiffs billed for medical care allegedly provided to Aetna members. Defendant is without information or knowledge sufficient to admit or deny whether Plaintiffs "provided" the medical care they submitted bills for.

[1] Defendant repeats Plaintiffs' section headings for ease of reference only. By doing so, Defendant does not intend to, nor does it, admit any characterizations contained therein.

9. Denied. The averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document. Aetna further denies the allegations in this Paragraph to the extent they constitute legal conclusions to which no response is required.

10. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph, as the averments of this paragraph are vague and do not specify what "Aetna insureds" it refers to, and therefore leave Plaintiff to its proofs. Furthermore, any "bills" referred to in this paragraph are documents that speaks for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Defendant is without information or knowledge sufficient to admit or deny whether Plaintiffs "provided" the medical care they submitted bills for.

11. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague and do not specify what "claims" it refers to, and therefore leave Plaintiff to its proofs. Furthermore, any "Provider Explanation of Benefits" forms that this paragraph refers to are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

12. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague and do not specify what "PEOBs" it refers to, and therefore leave Plaintiff to its proofs. Furthermore, any "Provider Explanation of Benefits" forms that this paragraph refers to are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

13. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

14. Denied. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

15. Denied. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

16. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to the unidentified "some Aetna-insured patients" and therefore leaves Plaintiff to its proofs. Furthermore, any bills or PEOBs sent or received between the parties are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

17. Denied. The averments of this paragraph refer to "plan documents" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

18. Denied. The averments of this paragraph refer to out of context ***excerpts*** of alleged "Aetna plans" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. By way of further response, Plaintiffs have not attached any of these alleged "Aetna plans" to their Complaint.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

19. Denied. The averments of this paragraph refer to out of context ***excerpts*** of alleged "Aetna plans" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. By way of further response, Plaintiffs have not attached any of these alleged "Aetna plans" to their Complaint.

20. Denied. The averments of this paragraph refer to out of context ***excerpts*** of alleged "Aetna plans" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. By way of further response, Plaintiffs have not attached any of these alleged "Aetna plans" to their Complaint. Furthermore, the averments of this paragraph are denied as conclusions of law to which no response is required

21. Denied. The averments of this paragraph refer to unidentified insurance plans which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Furthermore, the averments of this paragraph are denied as conclusions of law to which no response is required.

22. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to the unidentified "recoupment patients" and therefore leaves Plaintiff to its proofs. Furthermore, any bills or PEOBs sent or received between the parties are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

23. Denied, including as conclusions of law to which no response is required.

24. Denied. The averments of this paragraph refer to alleged unidentified "bills" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

25. Denied. The averments of this paragraph refer to alleged unidentified "PEOBs" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Furthermore, the averments of this paragraph are denied as conclusions of law to which no response is required.

26. Denied. The averments of this paragraph refer to alleged unidentified "PEOBs" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Furthermore, the averments of this paragraph are denied as conclusions of law to which no response is required.

27. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague and do not specify what "PEOBs" it refers to, and therefore leave Plaintiff to its proofs. Furthermore, any "Provider Explanation of Benefits" forms that this paragraph refers to are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

28. Denied. The averments of this paragraph refer to alleged unidentified "PEOBs" which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Furthermore, the averments of this paragraph are denied as conclusions of law to which no response is required

29. Denied. The averments of this paragraph refer to alleged "PEOB" which speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the documents.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

30. Denied. The averments of this paragraph are conclusions of law to which no response is required. Furthermore, this paragraph interprets a "PEOB," which speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

31. Denied. The averments of this paragraph are conclusions of law to which no response is required. Furthermore, this paragraph interprets a "PEOB," which speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

32. Denied, including as a conclusion of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

33. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to Plaintiff's invented terms of "setoff patients" and "recoupment patients," and therefore leave Plaintiff to its proofs

34. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to the unidentified "patients" it references and therefore leaves Plaintiff to its proofs. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

35. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph and therefore leaves Plaintiff to its proofs. Moreover, the averments of this paragraph appear to be an interpretation of insurance plans and policies which speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

36. Denied, including as conclusions of law to which no response is required. Moreover, the averments of this paragraph refer to alleged "PEOBs" which speaks for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

37. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to the unidentified "patients" it references and therefore leaves Plaintiff to its proofs. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

38. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to the unidentified "patients" it references and therefore leaves Plaintiff to its proofs. By way of further response, Aetna denies any allegation to the extent it suggests that Aetna is acting in a manner that does not reimburse Plaintiffs at appropriate rates.

39. Denied, including as conclusions of law to which no response is required. Moreover, the "plan terms" referenced in this paragraph are documents that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

40. Denied, including as a conclusion of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

41. Denied, including as a conclusion of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

42. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

43. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

44. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

45. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

46. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

47. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

48. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

49. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

50. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

51. Denied. The averments of this paragraph are denied as conclusions of law to which no response is required. To the extent deemed factual, the averments are specifically denied.

**SPECIFIC EXAMPLES**

**RAS "Examples"**

52. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha One," and therefore leave Plaintiff to its proofs.

53. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

54. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient

"Alpha One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

55. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

56. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

57. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

58. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Two," and therefore leave Plaintiff to its proofs.

59. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

"Alpha Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

60. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

61. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

62. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

63. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

64. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs.

65. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

66. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

67. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

68. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

69. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

70. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs.

71. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

72. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. By way of further response, the

averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

73. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

74. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

75. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha One" and "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

76. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

patients "Alpha Four" and "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

77. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Alpha Four," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

78. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

79. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha One," "Alpha Four," and "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that

speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

80. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Two," and therefore leave Plaintiff to its proofs.

81. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

82. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

83. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

84. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

85. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha One," "Alpha Three," and "Beta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

86. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha One," "Alpha Three," and "Beta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

87. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Three," and therefore leave Plaintiff to its proofs.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

88. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

89. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

90. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

91. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

92. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha Two" and "Beta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

93. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Alpha Two" and "Beta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

**SSSC "Examples"**

94. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs.

95. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. By way of further response, the

averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

96. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

97. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

98. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

99. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

100. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta One," and therefore leave Plaintiff to its proofs.

101. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

102. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Gamma One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

103. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

104. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

105. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

106. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

107. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Two," and therefore leave Plaintiff to its proofs.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

108. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

109. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

110. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

111. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further

response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

112. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

113. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

114. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Three," and therefore leave Plaintiff to its proofs.

115. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves,

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

116. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Three," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

117. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

118. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Delta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

119. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta Three," and therefore leave Plaintiff to its proofs. Moreover,

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

120. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Gamma One" and "Delta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

**UGI "Examples"**

121. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs.

122. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

123. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

124. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

125. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

126. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

127. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs.

128. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

129. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

130. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

131. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

132. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Epsilon Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

133. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta One," and therefore leave Plaintiff to its proofs.

134. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

135. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

136. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

137. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

138. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta One" and "Epsilon One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

139. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta One" and "Epsilon One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

140. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta One" and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

141. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta One" and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

142. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta Two," and therefore leave Plaintiff to its proofs.

143. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

144. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

145. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

146. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Zeta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

147. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta Two," and "Epsilon Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

"PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

148. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Zeta Two," and "Epsilon Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

**Advanced "Examples"**

149. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs.

150. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

151. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

152. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

153. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph refers to a document that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

154. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph concerning Plaintiffs' "right to keep the money" are denied as conclusions of law to which no response is required.

155. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta One," and therefore leave Plaintiff to its proofs.

156. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta One," and therefore leave Plaintiff to its proofs. By way of further response, the

averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

157. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta One," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

158. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

159. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

160. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

patients "Eta One" and "Theta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

161. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Eta One" and "Theta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document..

162. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Two," and therefore leave Plaintiff to its proofs.

163. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

164. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Two," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

165. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

166. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

167. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients ""“Theta Two," and "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

168. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients “Theta Two,” and “Eta One,” and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified “PEOB” that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

169. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient “Theta Three,” and therefore leave Plaintiff to its proofs.

170. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient “Theta Three,” and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

171. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient “Theta Three,” and therefore leave Plaintiff to its proofs. By way of further response, the

averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

172. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

173. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Three," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

174. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Theta Three," and "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

175. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

patients "Theta Three," and "Eta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

176. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Four," and therefore leave Plaintiff to its proofs.

177. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Four," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified insurance policies that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required.

178. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Four," and therefore leave Plaintiff to its proofs. By way of further response, the averments of this paragraph refer to unidentified "bills" that speak for themselves, and Aetna denies any allegations to the extent they are inconsistent with the documents.

179. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Theta Four," and therefore leave Plaintiff to its proofs. Moreover, the averments of this



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

180. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patient "Beta One," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

181. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients "Theta Four," "Eta One," and "Eta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.

182. Defendant is without information or knowledge sufficient to admit or deny the allegations contained in this Paragraph as the averments of this paragraph are vague as to patients ""Theta Four," "Eta One," and "Eta Two," and therefore leave Plaintiff to its proofs. Moreover, the averments of this paragraph are denied as conclusions of law to which no response is required. By way of further response, the averments of this paragraph refer to an unidentified "PEOB" that speaks for itself, and Aetna denies any allegations to the extent they are inconsistent with the document.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

**Count I – Unjust Enrichment/Quantum Merit**

183. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

184. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

185. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

186. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

187. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

188. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

189. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

190. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

191. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

192. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

193. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

194. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**Count II – Money Had and Received**

195. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

196. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

197. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

198. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

199. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

200. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

201. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

202. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

203. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

204. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

205. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

206. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**Count III – Breach of Implied-in-Fact Contract**

207. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

208. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

209. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

210. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

211. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

212. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

213. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

214. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

215. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

216. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**Count VI – Conversion**

217. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

218. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

219. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

220. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

221. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

222. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

223. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**Count V – Misappropriation**

224. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

225. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

226. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

227. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

228. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

229. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

230. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

231. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

232. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**Count VI – Declaratory and Injunctive Relief**

233. Defendant repeats and incorporates the forgoing paragraphs herein, as if set forth at length.

234. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

235. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

236. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

237. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

238. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

239. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

240. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

241. Defendant denies the allegations contained in this Paragraphs, including as conclusions of law to which no response is required.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**DEFENDANT'S NEW MATTER**

1. Defendant hereby incorporates paragraphs 1 through 241 of its Answer as though set forth herein at length.

2. Plaintiffs' Complaint fails to state a claim or cause of action upon which relief can be granted against Defendant.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or acquiescence.

4. No contractual or other factual basis exists for the claims asserted in the Complaint against Defendant.

5. Plaintiffs' claims are barred by the doctrine of unclean hands, by fraud, and/or by misrepresentation.

6. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

7. Plaintiffs' claims are barred, in whole or in part, by offsets to any damages claimed.



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

8. Plaintiffs' tort law claims are barred by the gist of the action doctrine.

9. Plaintiffs' tort law claims are barred by the economic loss doctrine.

10. Plaintiffs' claims are barred for failure to mitigate damages.

11. Plaintiffs' claims for equitable relief are barred because Plaintiffs have an adequate remedy at law.

12. Answering defendant incorporates herein by reference all affirmative defenses and New Matter set forth in Pennsylvania Rule of Civil Procedure 1030.

WHEREFORE, Defendant respectfully request this Court enter judgment in its favor, together with attorneys' fees, costs, and all such other legal and equitable relief as this Court deems just and proper.

**DEFENDANT'S COUNTERCLAIMS**

1. Defendant hereby incorporates paragraphs 1 through 241 of its Answer and paragraphs 1 through 12 of its New Matter as though set forth herein at length.

**THE PARTIES**

2. Defendant/Counterclaim-Plaintiff, Aetna Inc. ("Aetna"), is a Pennsylvania corporation with its principal place of business in Connecticut and with a substantial business operation in Blue Bell, Pennsylvania. Aetna Inc., through its affiliated companies, provides health insurance and administrative services for self-funded medical benefits plans throughout the United States.

3. Plaintiffs/Counterclaim-Defendants Rockville Ambulatory Surgery LP, Silver Spring Surgery Center LLC, Urbana GI Endoscopy Center, LLC, Advance Surgery Center LLC (the "Surgery Centers") are ambulatory surgery centers operating in Maryland.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

## FACTS

4. Individuals who are covered by health plans provided and administered by Aetna are referred to as "members."

5. Aetna provides access to coverage and benefits for its members pursuant to a variety of healthcare benefit plans and policies of insurance, including: (i) self-funded plans for which Aetna provides various third-party claims administrative services; (ii) fully-insured group policies issued by Aetna that are established and maintained by private employers to provide coverage to employees; (iii) plans covering federal employees; (iv) plans covering employees of state governmental entities; (v) church plans; (vi) policies issued to individuals; and (vii) Medicare.

6. Health benefit plans provided and administered by Aetna include covered benefits for "in-network" services, which are services provided by medical providers contracted with Aetna, including affiliates.

7. When an in-network provider, submits a claim for payment to Aetna, Aetna is contractually obligated to issue payment, which the provider is contractually obligated to accept, at the contracted rate negotiated between Aetna and the provider.

8. By comparison, Aetna is not necessarily obligated to pay claims submitted by non-participating or out-of-network providers. Instead, Aetna is only typically obligated to issue payment to non-participating providers for covered services where the member's health plan includes out-of-network benefits.

9. Whether a member's plan includes out-of-network benefits is determined by the member or his or her employer.

10. Also, where a member's plan provides out-of-network benefits, the benefits available for such services are often limited.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

11. Further, a member who receives medical services from a non-participating provider is typically required to pay for a larger share of the costs than the patient would be required to pay for services rendered by a participating provider.

12. Non-participating providers are also subject to additional administrative reviews and scrutiny for appropriateness of the services and amounts they are charging members, and in many instances must obtain precertification from Aetna prior to rendering services and submitting bills for same in order to receive payment.

13. The Surgery Centers do not have a contract with Aetna and, thus, they are considered non-participating or out-of-network as to Aetna.

14. Because of the typical terms of health plans and the need to review and scrutinize "out-of-network" (or, "non-participating") provider activities and billings to members, it is more difficult for non-participating providers, like the Surgery Centers, to legitimately promote themselves to and attract Aetna members, and to legitimately receive reimbursement from Aetna, than it is for "in-network" (or, "participating") providers.

15. Despite the fact that Aetna members overwhelmingly elect to treat at in-network facilities, the Surgery Centers have managed to steer certain Aetna members to their out-of-network facilities.

16. The Surgery Centers have submitted claim forms (or bills)—commonly known as "UB-04" forms—for treatment that they allegedly provided to the Aetna members that they have steered to their facilities.

17. In the course of adjudicating these claim forms, Aetna paid more than it should have paid to the Surgery Centers in numerous instances.

18. More specifically, in the course of processing payments, Aetna in some circumstances paid more than the health plans at issue permitted and thus more than Aetna or its plan sponsors should have paid to the Surgery Centers.

19. Aetna has requested that the Surgery Centers return these overpayments, as the Surgery Centers were not entitled to obtain the payments in the first place and are not entitled to retain the payments now.

20. The Surgery Centers have refused and the overpayments that Aetna has made, and continues to make, are nevertheless being improperly held by the Surgery Centers.

21. The Surgery Centers refuse to return these payments even though they know, or should know, that they are not entitled to the money.

**COUNT I**
**(Unjust Enrichment)**

22. Aetna repeats and realleges all prior paragraphs of the Complaint as if set forth in full here.

23. In the absence of a contractual agreement, the Surgery Centers are only entitled to a reasonable fee for rendering medical care, as governed by the out-of-network benefits afforded in the health plans at issue.

24. Aetna made payments for services well in excess of what it is required to pay the Surgery Centers.

25. The Surgery Centers retained the benefit of these unreasonable and incorrectly high payments by retaining the monies paid by Aetna, in excess of what is reasonable in the relevant community.

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

26. Defendants' retention of these monies is thus unjust and inequitable. Defendants acquired these funds improperly, which has harmed Aetna, and it is therefore also unjust and inequitable for Defendants to retain these funds.

WHEREFORE, Aetna respectfully requests that this Court enter judgment in its favor and against Defendants and award Aetna the following relief:

(a) Actual damages in excess of $150,000, exclusive of interest and costs; and

(b) Such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

*/s/ Gregory S. Voshell*

JOHN M. ELLIOTT
GREGORY S. VOSHELL
THOMAS B. HELBIG, JR.
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: October 26, 2017



Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

Case# 2017-06786-25 Docketed at Montgomery County Prothonotary on 10/26/2017 1:59 PM, Fee = $0.00

**VERIFICATION**

I, Elizabeth C. Petrozelli, state that I am authorized by Defendant Aetna Inc. to make this verification on its behalf and verify that the facts set forth in the foregoing Answer, New Matter, and Counterclaim are true and correct to the best of my knowledge, information and belief.

I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

ELIZABETH C. PETROZELLI

Date: October 26, 2017

Case# 2017-06786-26 Docketed at Montgomery County Prothonotary on 10/26/2017 2:01 PM, Fee = $0.00

**COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PA**

| | |
|---|---|
| **ROCKVILLE AMBULATORY SURGERY, LP, *et al.*,** | |
| **Plaintiffs,** | DOCKET NO.: 2017-06786 |
| v. | |
| **AETNA, INC.,** | CIVIL ACTION – LAW/EQUITY |
| **Defendant.** | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that I caused a copy of the foregoing Answer, New Matter, and Counterclaims to be served by the Court's electronic filing system on all counsel of record.

Respectfully submitted,

*/s/ Gregory S. Voshell*
Gregory S. Voshell
Elliott Greenleaf, P.C.
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Dated: October 26, 2017