# EXHIBIT 11

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

ROCKVILLE AMBULATORY SURGERY, LP, et al.,

Plaintiffs,

v.

AETNA, INC.,

Defendant

DOCKET NO.: 2017-06786

CIVIL ACTION – LAW/EQUITY

**NOTICE TO PLEAD**

To: Aetna, Inc.

You are hereby notified to file a written response to the enclosed New Matter within twenty (20) days from service hereof or a judgment may be entered against you.

THE MARTIN LAW FIRM, P.C.

By: ________________
Jason B. Martin, Esquire
Attorney for Plaintiffs

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

ROCKVILLE AMBULATORY SURGERY, LP, et al.,

**Plaintiffs,**

v.

AETNA, INC.,

Defendant

DOCKET NO.: 2017-06786

CIVIL ACTION LAW/EQUITY

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM WITH NEW MATTER**

Plaintiffs Rockville Ambulatory Surgery, LP; Silver Spring Surgery Center, LLC; Urbana GI Endoscopy Center, LLC; and Advanced Surgery Center, LLC (collectively, "Plaintiffs/Counterclaim-Defendants"), by and through their undersigned counsel, respectfully answers Defendant's new matter and counterclaim as follows:

**DEFENDANT'S NEW MATTER**

1. Plaintiffs/Counterclaim-Defendants hereby incorporate by reference paragraphs 1-241 of their Complaint as though set forth at length herein.

2. Denied. The allegations contained in Paragraph 2 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

3. Denied. The allegations contained in Paragraph 3 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the

paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

4. Denied. The allegations contained in Paragraph 4 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

5. Denied. The allegations contained in Paragraph 5 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

6. Denied. The allegations contained in Paragraph 6 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

7. Denied. The allegations contained in Paragraph 7 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

8. Denied. The allegations contained in Paragraph 8 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.





Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

9. Denied. The allegations contained in Paragraph 9 constitute conclusions of law to which no responsive pleading is required. If and .o the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

10. Denied. The allegations contained in Paragraph 10 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

11. Denied. The allegations contained in Paragraph 11 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

12. Denied. The allegations contained in Paragraph 12 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

WHEREFORE, Plaintiffs/Counterclaim-Defendants request that this Honorable Court dismiss the New Matter with prejudice and enter judgment in favor of Plaintiffs/Counterclaim-Defendants and award Plaintiffs/Counterclaim-Defendants their costs, expenses of suit. attorneys' fees and any other relief that the Court deems just and appropriate.

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

## DEFENDANT'S COUNTERCLAIMS

1. Plaintiffs/Counterclaim-Defendants hereby incorporate by reference paragraphs 1-241 of their Complaint and the foregoing paragraphs 1-12 of their reply to Defendant's New Matter as though set forth at length herein.

## THE PARTIES

2. Admitted.

3. Admitted.

## FACTS

4. Admitted, upon information and belief.

5. Admitted, upon information and belief.

6. Admitted, upon information and belief.

7. Admitted, upon information and belief.

8. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 8, and therefore, they are denied. By way of further response, the member's health plans referenced in Paragraph 8 are documents that speak for themselves; therefore, any inconsistent characterizations thereof are denied.

9. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 9, and therefore, they are denied. By way of further response, the member's health plans referenced in Paragraph 9 are documents that speak for themselves; therefore, any inconsistent characterizations thereof are denied.

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

10. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 10, and therefore, they are denied. By way of further response, the member's health plans referenced in Paragraph 10 are documents that speak for themselves; therefore, any inconsistent characterizations thereof are denied.

11. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 11, and therefore, they are denied.

12. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 12, and therefore, they are denied.

13. Admitted in part; denied in part. It is admitted only that Plaintiffs/Counterclaim-Defendants are non-participating or out-of-network providers. All other allegations of this paragraph are denied.

14. Denied. After reasonable investigation, Plaintiffs/Counterclaim-Defendants are without sufficient knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 14, and therefore, they are denied.

15. Admitted in part; denied in part. It is admitted only that some Aetna members choose to receive treatment from Plaintiffs/Counterclaim-Defendants. All other allegations of this paragraph are denied.

16. Admitted in part; denied in part. It is admitted only that Plaintiffs/Counterclaim-Defendants have submitted claim forms or bills for treatment that they have provided to Aetna members. All other allegations of this paragraph are denied.

17. Denied. To the contrary Aetna paid less than required under the applicable plans.

18. Denied. To the contrary, Aetna paid less than required under the applicable plans.

19. Admitted in part; denied in part. It is admitted only that Aetna has requested a return of amounts paid to Plaintiffs/Counterclaim-Defendants. All other allegations of this paragraph are denied.

20. Admitted in part; denied in part. It is admitted only that Plaintiffs/Counterclaim-Defendants have declined to return amounts paid. All other allegations of this paragraph are denied.

21. Admitted in part; denied in part. It is admitted only that Plaintiffs/Counterclaim-Defendants have declined to return the payments. All other allegations of this paragraph are denied.

**COUNT I**
**(Unjust Enrichment)**

22. Defendants hereby incorporate by reference paragraphs 1-241 of their Complaint, paragraphs 1-12 of their reply to New Matter and the foregoing paragraphs 1-21 as though set forth at length herein.

23. Denied. The allegations contained in this paragraph 23 constitute conclusions of law to which no responsive pleading is required. By way of further response, the contractual agreements and health plans referenced in Paragraph 23 are documents that speak for themselves; therefore, any inconsistent characterizations thereof are denied.

24. Denied. The allegations contained in Paragraph 24 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the



Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

25. Denied. The allegations contained in Paragraph 25 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

26. Denied. The allegations contained in Paragraph 26 constitute conclusions of law to which no responsive pleading is required. If and to the extent that the averments of the paragraph are or may be deemed factual in nature, the averments of the paragraph are specifically denied and strict proof thereof is demanded at trial.

WHEREFORE, Plaintiffs/Counterclaim-Defendants request that this Honorable Court dismiss the Counterclaim with prejudice and enter judgment in favor of Plaintiffs/Counterclaim-Defendants and award Plaintiffs/Counterclaim-Defendants their costs, expenses of suit, attorneys' fees and any other relief that the Court deems just and appropriate.

**PLAINTIFFS/COUNTERCLAIM-DEFENDANTS' NEW MATTER**

27. Defendants hereby incorporate by reference paragraphs 1-241 of their Complaint, paragraphs 1-12 of their reply to New Matter and the foregoing paragraphs 1-26 as though set forth at length herein

28. Aetna has failed to state a claim upon which relief can be granted.

29. Plaintiffs/Counterclaim-Defendants expressly deny that Aetna has been damaged, but, if it has been damaged, it has failed to mitigate its damages.

30. Any damages that Aetna has suffered, which damages are expressly denied, were not caused by Plaintiffs/Counterclaim-Defendants.





Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

31. Any damages that Aetna has suffered, which damages are expressly denied, were incorrectly calculated.

32. Any damages that Aetna has suffered, which damages are expressly denied, were caused by the acts or omissions of entities or individuals over which Plaintiffs/Counterclaim-Defendants had no control or legal duty to control.

33. Aetna's counterclaim may be barred in whole or in part by the applicable statute of limitations.

34. Plaintiffs/Counterclaim-Defendants did not breach any duty to Aetna.

35. Plaintiffs/Counterclaim-Defendants have not been unjustly enriched.

36. Plaintiffs/Counterclaim-Defendants have not wronged Aetna.

37. There is nothing due and owing from Plaintiffs/Counterclaim-Defendants to Aetna.

38. Aetna's claim is barred, in whole or in part, by the doctrines of estoppel, laches, and/or acquiescence.

39. Aetna's claim is barred, in whole or in part, by the doctrine of unclean hands, by fraud, and/or by misrepresentation.

40. Aetna's claim is barred by the doctrine of res judicata.

41. Aetna's claim for equitable relief is barred because Aetna has an adequate remedy at law.

42. Plaintiffs/Counterclaim-Defendants incorporate herein by reference all affirmative defenses and New Matter set forth in Pennsylvania Rule of Civil Procedure 1030.

43. Plaintiffs/Counterclaim-Defendants reserve the right to add additional New Matter as investigation and discovery progresses.





Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

WHEREFORE, Plaintiffs/Counterclaim-Defendants request that this Honorable Court dismiss the Counterclaim with prejudice and enter judgment in favor of Plaintiffs/Counterclaim-Defendants and award Plaintiffs/Counterclaim-Defendants their costs, expenses of suit, attorneys' fees and any other relief that the Court deems just and appropriate.

Respectfully submitted,

/s/ Jason B. Martin
Jason B. Martin, Esq.
Attorney ID #82767
The Martin Law Firm, P.C.
725 Skippack Pike #337
Blue Bell, PA 19422
(215) 646-73980

D. Brian Hufford, Esq.
*pro hac vice*
Zuckerman Spaeder LLP
485 Madison Avenue, 10th floor
New York, NY 10022
(212) 704-9600

William Meyer, Esq.
*pro hac vice*
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
(410) 332-1240

*Attorney for Plaintiffs*

# VERIFICATION

I, Charles Obiora, MD state that I am the Medical Director/Gen. Partner of Rockville Amb Surgery LP Silver Spring Surg Center, LLC the Plaintiff herein, that I am authorized to make this verification on its behalf and that the facts set forth in the foregoing Answer to New Matter and Counterclaim are true upon my personal knowledge, information and belief.

I understand that my statements are made subject to 18 Pa. Cons. Stat. Ann. § 4904 providing for criminal penalties for unsworn falsification to authorities.

Dated: 11/13/17

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

VERIFICATION

I, Mark Groger, MD state that I am the Medical Director of Urbana GI Endoscopy Ctr, LLC the Plaintiff herein, that I am authorized to make this verification on its behalf and that the facts set forth in the foregoing Answer to New Matter and Counterclaim are true upon my personal knowledge, information and belief.

I understand that my statements are made subject to 18 Pa. Cons. Stat. Ann. § 4904 providing for criminal penalties for unsworn falsification to authorities.

[signature]

Dated: 11/16/17

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

## VERIFICATION

I, AJAY BAKSHI state that I am the MEDICAL DIRECTOR of ADVANCED SURGERY CENTER, the Plaintiff herein, that I am authorized to make this verification on its behalf and that the facts set forth in the foregoing Answer to New Matter and Counterclaim are true upon my personal knowledge, information and belief.

I understand that my statements are made subject to 18 Pa. Cons. Stat. Ann. § 4904 providing for criminal penalties for unsworn falsification to authorities.

____________________

Dated: 12-4-17

Case# 2017-06786-27 Docketed at Montgomery County Prothonotary on 12/04/2017 11:40 AM, Fee = $0.00

**The Martin Law Firm, P.C.**
Jason B. Martin, Esquire
Attorney ID 82767
725 Skippack Pike, Suite 337
Blue Bell, PA 19422
215-646-3980
***Attorney for Plaintiffs***

| | |
|---|---|
| ROCKVILLE AMBULATORY SURGERY, LP, et al., | MONTGOMERY COUNTY, PA COURT OF COMMON PLEAS |
| Plaintiffs, | DOCKET NO. : 2017-06786 |
| v. | CIVIL ACTION – LAW/EQUITY |
| AETNA, INC., | |
| Defendant | |

**CERTIFICATE OF SERVICE**

I, Jason B. Martin, Esquire, hereby certify that a true and correct copy of Plaintiffs' Notice to Plead and Plaintiffs' Answer to Defendant's Counterclaim with New Matter has been served via the Court's Electronic Filing System, email and U.S. mail, first class, postage prepaid at the following addresses:

Thomas Helbig, Esquire
Gregory S. Voshell, Esquire
ELLIOTT GREENLEAF, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
**GSV@elliottgreenleaf.com**
**TBH@elliottgreenleaf.com**

Dated: December 4, 2017

Jason B. Martin, Esquire
Attorney ID: 82767
725 Skippack Pike, Suite 337
Blue Bell, PA 19422
(215) 646-3980
*Attorney for Plaintiffs*

Case# 2017-06786-28 Docketed at Montgomery County Prothonotary on 12/04/2017 1:11 PM, Fee = $0.00